IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | |
|---|---|
| CARLOS MOLINA-TORRES, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Cause No.: 3:22-cv-00078 |
| § | |
| SUNDT CONSTRUCTION, INC., § | |
| JOSEPH RICCILLO, and JOHN DOE, § | |
| § | |
| Defendants. § | |

### DEFENDANTS SUNDT CONSTRUCTION, INC. AND JOSEPH RICCILLO'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** SUNDT CONSTRUCTION, INC. and JOSEPH RICCILLO, Defendants in the above-entitled and captioned cause, and pursuant to 28 U.S.C. § 1441, files this Notice of Removal based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In support of this Notice, Defendants would respectfully show the Court as follows:

### I.
#### FACTUAL BACKGROUND

1. This is a personal injury case arising out of bicycle accident that occurred on September 18, 2020 in El Paso County, Texas when Plaintiff's bicycle wheels allegedly struck a fence that was lying in the roadway. *See* Ex. B, Pl.'s Orig. Pet. at V. This lawsuit was originally filed on November 18, 2021 under Cause No. 2021DCV4058, and styled *Carlos Molina-Torres v. Sundt Construction, Inc., Joseph Riccillo, and John Doe* in the 171st District Court of El Paso County, Texas (hereinafter the "State Court Action").

1

2. A true and correct copy of the docket sheet from the State Court Action is attached to this Notice as "Exhibit A." Pursuant to 28 U.S.C. § 1446(a) a true and correct copy of all process, pleadings and orders in the State Court Action are attached to this Notice as "Exhibit B."

3. Plaintiff asserts Texas state law claims for negligence against Defendant Joseph Riccillo. Plaintiff also alleges vicarious claims of negligence against Defendant Sundt. Lastly, Plaintiff alleges negligence per se and premises liability against both Defendant Riccillo and Defendant Sundt. *See* Pl.'s Orig. Pet. at VI.

4. Plaintiff seeks damages for past and future medical expenses, past and future pain and suffering, past and future physical impairment, past and future physical disfigurement, and past and future mental anguish in an amount over $75,000.00. *See* Pl.'s Orig. Pet. at ¶ 51; *See* Ex. C and D.

## II.
### REMOVAL EXHIBITS

5. The following documents are attached to this Notice as exhibits:

| | | |
|---|---|---|
| **Ex. A:** | State Court Docket Sheet | |
| **Ex. B:** | Entire State Court File | |
| **Ex. C:** | Plaintiff's Responses to Defendants' First Requests for Admissions | |
| **Ex. D:** | Plaintiff's Responses to Defendants' First Interrogatories | |
| **Ex. E:** | Affidavit of Defendant Riccillo | |

## III.
### FRAUDULENT JOINDER

6. All Defendants are diverse, but-for Defendant Joseph Riccillo ("Riccillo"). Pl.'s Orig. Pet. at ¶ at 1-2. Defendant Sundt Construction, Inc. ("Sundt") is a foreign entity. *Id.* at 1. Defendant

Riccillo is an individual residing in El Paso County, Texas. *Id.* at 2. Plaintiff is a resident of El Paso County, Texas. *Id.* at 1. Furthermore, Plaintiff is a citizen of Texas. *See* Ex. C and D.

7.     The primary factual allegation that Plaintiff pleads to support his claim that Defendant Riccillo was negligent is that Defendant Riccillo allegedly knew the fence which Plaintiff ran into had fallen on previous occasions. *Id.* Stated differently, Plaintiff contends Defendant Riccillo was negligent because he knew that the fence had fallen on previous occasions, and he therefore should have fixed the fence. Plaintiff claims it was negligent of him not to do so. Plaintiff further alleges negligence per se against Defendant Riccillo based on an alleged violation of OSHA regulation 1926.752(C)(1) and City of El Paso Ordinance 20.16.050.

## Summary of Argument

8.     Individual liability against an agent of an employer arises only when the agent owes an independent duty of reasonable care to the injured party, apart from the employer's duty. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). The Fourteenth Court of Appeals in *Pico v. Capriccio Italian Rest. Inc* applied the above principle of law to cases of negligence alleged against an agent/employee of a company. *Pico v. Capriccio Italian Rest. Inc.*, 209 S.W.3d 902 (Tex.App—Houston [14th Dist.] 2006, no pet.). In *Pico*, the family of an individual who died from an assault that allegedly took place on the premises of a nightclub brought suit against the nightclub and its president alleging that they were negligent in failing to take reasonable measures to ensure the decedent's safety as a business invitee of the nightclub. *Id.* at 904-05. The court re-iterated the Texas Supreme Court's Holding in *Tri* and stated, "unless alter ego is established, a corporate officer or agent may be individually liable to others for his own negligence within the employment context only when he owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.* at 912. The Court went onto hold that the plaintiff failed to establish that

3

the president owed the decedent any independent duty, apart from the duty allegedly owed by the nightclub, to ensure the decedent's safety. *Id.* Instead, the plaintiffs consistently referred to the corporation and president collectively when presenting reasons that they allegedly owed a duty to the decedent. *See Id.* Thus, the court held that the trial court properly granted the no-evidence summary judgment in the president's favor on the negligence claim. *Id.*

9. Another example of this long-standing principle can be found in *In re Butt*. *In re Butt* 495 S.W.3d 455 (Tex.App—Corpus Christi 2016, orig. proceeding). There, plaintiff slipped and fell while shopping at an H.E.B. grocery store. *Id.* at 458. In addition to its causes of action against H.E.B., plaintiff included negligence claims against four corporate officials for H.E.B. *Id.* at 459. Specifically, plaintiff made the following negligence claim:

> "[]On information and belief, Plaintiffs allege that Holguin, Gellhausen, Boyan and Butt, singularly and/or collectively, had control over what was and was not done by H.E.B., to discharge H.E.B.'s duty to its patrons, as described in paragraph 27. Plaintiffs further allege that Holguin, Gellhausen, Boyan and/or Butt failed to exercise such control with reasonable care, and that such failure constituted negligence and gross negligence which proximately caused Garcia's slip/fall incident and Plaintiffs' damages made subjects of this case.
>
> []On information and belief, Plaintiffs allege that Holguin, Gellhausen, Boyan and Butt, singularly and/or collectively, had control over what was and was not done by H.E.B., to discharge H.E.B.'s duty to its patrons, as described in paragraph 28. Plaintiffs further allege that Holguin, Gellhausen, [**5] Boyan and/or Butt failed to exercise such control with reasonable care, and that such failure constituted negligence and gross negligence which proximately caused Garcia's slip/fall incident and Plaintiffs' damages made subjects of this case." *Id.*

10. On defendants' mandamus proceeding, the court stated, "the petition does not allege any facts that would support a conclusion that relators possessed any duties to [plaintiffs] separate and apart from those duties owed to [plaintiffs] by H.E.B. [Plaintiff] has not alleged that relators

committed tortious or fraudulent acts, or that they personally created the allegedly dangerous condition at issue in this case – a wet floor." *Id.* at 466. The court also stated that that the claims made against the individuals were the same claims made against H.E.B., and, "such undifferentiated allegations are insufficient to support a conclusion that relators individually owed [plaintiff] an independent duty of care either by virtue of their positions as apex corporate officials or as a result of their own actions." *Id.* at 466-67. As a result, the court held that such allegation do not present a cause of action against relators that would entitle plaintiff to relief against such corporate employees. *Id.* at 467. Consequently, the court of appeals held that the lower court erred in denying relator's motion to dismiss. *Id.*

11.  Here, the facts are remarkably similar to both *Pico* and *In re Butt*. Defendant Riccillo did not owe an independent duty of reasonable care to Plaintiff because Defendant did not commit any tortious or fraudulent acts, nor did Defendant Riccillo personally create the allegedly dangerous condition at issue in this case – a fallen fence. Specifically, Defendant Riccillo did not personally install or maintain the fence in question. *See* Ex. E. However, similar to *In re Butt* above, Plaintiff makes a naked accusation that Defendant Riccillo should have exercised care to Plaintiff, but then completely fails to allege why Defendant Riccillo owes any independent duty to Plaintiff apart from the duty allegedly owed to him by Defendant Riccillo's employer. Instead, by Plaintiff's own admission, Plaintiff merely found an employee of Defendant Sundt on Defendant Sundt's website and decided that this employee somehow owed a duty to Plaintiff. *See* Ex. A, Pl.'s Orig. Pet. at 3 ("According to Defendant Sundt's website…"). Furthermore, Plaintiff has not established, or even attempted to establish alter ego by Defendant Riccillo. As a result, there is no reasonable basis for predicting that Defendant Riccillo is liable to Plaintiff under Texas law. Accordingly, Defendant Riccillo has been fraudulently joined and his citizenship must be disregarded. Thus, because the

5

remaining defendants are diverse from Plaintiff, and because Plaintiff is seeking monetary damages "over $250,000.00," this Court has jurisdiction over the present lawsuit under 28 U.S.C. § 1332, making this removal proper. *Id.* at 7.

## IV.
### BASIS FOR REMOVAL

12. This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a).

**A.  Legal Standard for Diversity of Citizenship Jurisdiction**

13. Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

**B.  The diversity of citizenship requirement of 28 U.S.C. § 1332 is satisfied, even though Defendant Riccillo is a citizen of the same state as Plaintiff, because Defendant Riccillo was fraudulently joined to the present lawsuit**

14. When "a resident Defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003) (citing Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146 (1914)). To establish fraudulent joinder, the party seeking removal to the federal forum must either show: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 222-23.

15. Under this second prong, the District court is to examine "if there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.* at 223. If not, then the court must conclude that the Plaintiff's decision to join the local Defendant was fraudulent and disregard the citizenship of the fraudulently joined Defendant for jurisdictional purposes. *Id.* When determining fraudulent joinder, the district court may look to the facts as established by summary judgment evidence as well as the controlling state law. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

16. In the present case, there is no reasonable basis for predicting that Texas state law might impose liability on Defendant Riccillo based on the facts involved, because Defendant Riccillo did not owe any independent duty to Plaintiff, nor did he breach breach any duty whatsoever to Plaintiff.

17. It is undisputed that Defendant Riccillo is an employee of Defendant Sundt. *See* Pl.'s Orig. Pet. at 3. The law in Texas regarding individual liability of an employee is that such individual liability of an employee arises only when the employee owes an independent duty of reasonable care to the inured party apart from the employer's liability. *J.T.T.*, 162 S.W.3d at 532.

18. Here, Plaintiff was riding his bicycle when his wheels allegedly struck a fence that had been erected by Defendant Sundt. *See* Ex. A, Pl.'s Orig. Pet. at 3. Plaintiff does not allege that Defendant Riccillo was present during the accident, nor does he otherwise allege facts which give rise to individual liability by Defendant Riccillo to Plaintiff. *See* Ex. A, Pl.'s Orig. Pet. Therefore, based upon the undisputed facts, Defendant Riccillo owed no independent duty to Plaintiff apart from his employer's duty. Accordingly, this Court has no reasonable basis for predicting that the Texas state law might impose liability on Defendant Riccillo based on the facts involved. Consequently, Defendant Riccillo has been fraudulently joined and his citizenship for

jurisdictional purposes must be disregarded. Accordingly, because the remaining defendants are diverse from Plaintiff and the amount in controversy is satisfied, this Court has original jurisdiction over the present lawsuit. As such, this removal is proper under 28 U.S.C. § 1441(a).

## V.
### REMOVAL PROCEDURE AND TIMELINESS

19. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). Plaintiff's Original Petition merely alleged that Plaintiff resides in Texas. Ex. B., Pl's Orig. Pet. at ¶ 2. Therefore, removal based on diversity of citizenship became possible in this matter only after receipt by Defendants of Plaintiff's Response to Request for Admission No. 3, eq seq., on February 25th, 2022, where Plaintiff first admitted his Texas citizenship. *See* Ex. C and D. Therefore, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b)(3); *see also MidCap v. Pathway*, 929 F.3d 310, 313 (5th Cir. 2019).

20. All Defendants consent to removal pursuant to U.S.C. § 1446(b)(2)(A).

21. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441 (a) as El Paso is the District and Division where the State Court Action is Pending.

22. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

## V.
### JURY DEMAND

23. Defendants asked for a state court jury trial and also ask for a jury trial in this Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that pursuant to the above-referenced authorities, that the State Court Action be removed, that this Honorable Court exercise its original jurisdiction over the same, and that Defendants be granted such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

        Respectfully submitted,
        **MOUNCE, GREEN, MYERS,**
        **SAFI, PAXSON & GALATZAN**
        A Professional Corporation
        P.O. Box 1977
        El Paso, Texas 79999-1977
        (915) 532-2000
        (915) 541-1597 (fax)

By: /s/ James A. Martinez
     **James A. Martinez**
     State Bar No. 00791192
     martinezja@jmeplaw.com
     *Attorneys for Defendants Sundt*
     *Construction, Inc. and Joseph Riccillo*

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on the 7th day of March, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Cole Gumm
*Zinda Law Group, PLLC*
8834 North Capital of Texas Highway, Suite 304
Austin, Texas 78759
service@zdfirm.com

        /s/ James A. Martinez
        **JAMES A. MARTINEZ**